THE McDANIEL LAW FIRM, P.C.
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (fax)
Attorneys for Defendants S&H Carpets, Inc. and Ori Wilbush

| | |
|---|---|
| RENAISSANCE CARPET AND TAPESTRIES, INC., <br><br> Plaintiff <br><br> v. <br><br> S&H RUGS, INC. and ORI WILBUSH, <br><br> Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil Action No.: 09-cv-00632-SRC-MAS <br><br> ANSWER AND JURY DEMAND |

Defendants S&H Carpets, Inc. and Ori Wilbush through their undersigned counsel answer the Complaint of Defendants as follows:

1      The allegations contained in Paragraph 1 of the Complaint assert a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants denies the allegations.

2      Defendants admit on information and belief the allegations in Paragraph 2.

3      Defendants deny the allegations contained in Paragraph 3 of the Complaint and aver that Renaissance is one of many companies that manufacture and distribute handmade carpets derived from historical designs in the public domain in the style known as Aubusson and Savonnerie. Upon information and belief, defendants aver that plaintiff has falsely claimed original designs in certain derivative works of historical Aubusson and Savonnerie styles.

- 1 -

4     Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5     Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Wilbush is a principal and officer of S&H...

6     Defendants deny the allegations contained in Paragraph 6 of the Complaint, except admit that defendant S&H is a distributor at wholesale and retail of rugs and further admit that the inventory utilized for such sales includes products imported into the United States.

7     Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8, except admit on information and belief that Renaissance is an importer and distributor of rugs in traditional Aubusson and Savonnerie styles.

9     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14  Defendants admit on information and belief the allegations in Paragraph 14 of the Complaint.

15  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16  Defendants admit on information and belief the allegations in Paragraph 16 of the Complaint.

17  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18  Defendants admit on information and belief the allegations in Paragraph 18 of the Complaint.

19  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20  Defendants admit on information and belief the allegations in Paragraph 20 of the Complaint.

21  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22  Defendants admit on information and belief the allegations contained in Paragraph 22 of the Complaint.

23  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24	Defendants admit on information and belief the allegations in Paragraph 24 of the Complaint.

25	Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26	Defendants admit on information and belief the allegations in Paragraph 26 of the Complaint.

27	Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28	Defendants admit on information and belief the allegations in Paragraph 28 of the Complaint.

29	Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30	Defendants admit on information and belief the allegations in Paragraph 30 of the Complaint.

31	Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32	Defendants admit on information and belief the allegations in Paragraph 32 of the Complaint.

33	Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34	Defendants admit on information and belief the allegations in Paragraph 34 of the Complaint.

35  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36  Defendants admit on information and belief the allegations in Paragraph 36 of the Complaint.

37  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38  Defendants admit on information and belief the allegations in Paragraph 38 of the Complaint.

39  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40  Defendants admit on information and belief the allegations in Paragraph 40 of the Complaint.

41  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42  Defendants admit on information and belief the allegations in Paragraph 42 of the Complaint.

43  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44  Defendants admit on information and belief the allegations in Paragraph 44 of the Complaint.

45  Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46      Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47      Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48      Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49      Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50      Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51      Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## **First Claim for Relief**

52      Defendants incorporate their responses to paragraphs 1-51 as if set forth at length here.

53      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54      Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55      Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58    Defendants deny the allegations contained in Paragraph 58 of the Complaint.

**Second Claim for Relief**

59    Defendants incorporate their responses to paragraphs 1-58 as if set forth at length here.

60    Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61    Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62    Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

**Third Claim for Relief**

65    Defendants incorporate their responses to paragraphs 1-64 as if set forth at length here.

66	Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67	Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68	Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69	Defendants deny the allegations contained in Paragraph 69 of the Complaint.

### Fourth Claim for Relief

70	Defendants incorporate their responses to paragraphs 1-69 as if set forth at length here.

71	Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72	Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73	Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred in whole or in part for failure to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by fraud and/or negligent misrepresentation of the plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of pre-emption.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the fair use doctrine.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred by and to the extent that any copying was *de minimis*.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff alleges infringements of copyrights that are, in whole or in part, derivations of work in the public domain. The claims are barred to the extent that plaintiff asserts rights to copyrights that are not copyrightable under applicable law.

## TWELTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that they are merely derivative of works in the public domain or seek and do not contain original works of authorship.

## THIRTEENTH AFFIRMATIVE DEFENSE

Handmade rugs in the historical Aubusson and Savonnerie styles are widely manufactured and imported. Such rugs are based on historical designs found in rugs and tapestries, all of which are in the public domain. Plaintiff has registered 326 copyrights without disclosure of the derivative nature of the work or, when disclosure of pre-existing work is noted, fails to identify the nature or extent of the copyrighted work claimed within the registration. Plaintiff has further recorded many such copyrights with United States Customs.

Plaintiff's registration of vague copyrights and recording of such copyrights, in which work primarily in the public domain is intermingled with historical work, together with plaintiff's lobbying of US Customs to detain shipments of competitors, is intended to restrain competition, to inflate prices and to damage the business of companies willing to sell comparable products at significantly lower prices.

Plaintiff's conduct is contrary to the purpose from which the United States copyright laws were established and enforced, *see, e.g., United States v. Paramount Pictures,* 334 U.S. 131 (1948) and enforcement is void as against public policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has engaged in a scheme to limit competition by securing copyrights on historical works and has filed copyrights from which it is impossible to ascertain the material for which the copyright is claimed. Defendants at all times acted in good faith and without notice of matters of which original authorship was claimed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's copyrights are voidable as and to the extent that registration was obtained as a result of fraud in the registration process.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims against Ori Wilbush, individually, are barred under principles of agency and applicable corporate law.

## RESERVATION OF FURTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert such other and further affirmative defenses as discovery may reveal.

## JURY DEMAND

Defendants S&H Carpets, Inc. and Ori Wilbush demand trial by jury as to all issues so triable.

Dated: September 29, 2009

        THE McDANIEL LAW FIRM, PC

           /s/ Jay R. McDaniel
By: _____
    Jay R. McDaniel (JM9687)
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (fax)