# Cowan, Liebowitz & Latman, P.C.

Law Offices

1133 Avenue of the Americas • New York, NY 10036-6799

(212) 790-9200 • www.cll.com • Fax (212) 575-0671

Ronald W. Meister
Direct (212) 790-9255
rwm@cll.com

June 3, 2010

**Via ECF**

Hon. Michael A. Shipp, U.S.M.J.
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Renaissance Carpet and Tapestries, Inc. v. S&H Rugs, Inc. et ano.
      <u>Civil Action No. 09 -CV- 00632 (SRC-MAS)</u>

Dear Judge Shipp:

      This firm represents plaintiff, Renaissance Carpet and Tapestries, Inc., in the above-entitled action for infringement of its copyrights in sixteen designs for high quality carpets in the French Aubusson and Savonnerie styles. I write pursuant to Local Civil Rule 37.1 (a)(1) to present to the Court several discovery disputes that the parties have been unable to resolve by conferring.

<u>General Background</u>

      Plaintiff is the owner of registered copyrights in the sixteen designs at issue in this case. Its complaint alleges that defendants have infringed those designs by importing and selling carpets copied from plaintiff's designs.

      During the course of discovery, plaintiff has sought production of, among other things, defendants' importation, sales and inventory records, to establish the volume of defendants' sales and their profits. Defendants' document production has been extremely sparse, amounting to 58 pages in total, and defendants have provided inconsistent responses regarding whether additional documents exist. We have strong reason to believe that defendants' production is incomplete.

1175420.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
June 3, 2010
Page 2

    Our efforts to obtain compliance with our discovery requests have been unsuccessful. Indeed, defendants have recently retracted promises they have previously made to provide additional information, and a new attorney at defendants' firm has informed us that they will provide additional materials only in response to a court order. We thus are compelled to seek the Court's intervention.

    While defendants' compliance with discovery requests has been problematic throughout this case, the timing of defendants' recent obstructionism comes at a critical juncture, with the deposition of defendants' principal scheduled for June 10, and defendants' production of materials necessary for that deposition still inadequate.

Specific Areas of Dispute

Inspection of Defendants' Rugs

    Plaintiff's Rule 34 requests, served November 25, 2009, requested "Samples of rugs or carpets bearing each of the S&H Designs in this action." Defendants responded on January 25, 2010, a month late, that samples "will be made available for inspection by plaintiff or its agents/representatives during ordinary business hours, upon reasonable notice." We have been trying vainly ever since to arrange that inspection. On April 16, after receiving assurances that the inspection would be arranged, I wrote to defendants' counsel, David Force, "I trust there will be no further obstacle to scheduling a date for inspection of your client's rugs." Nevertheless, difficulties persisted until I was compelled to write again, on May 24:

> I have been seeking for several months to arrange an inspection of carpets at your clients' premises. You stated as long ago as your Rule 34 responses, in January, that you would arrange for such an inspection on reasonable notice. I have been seeking to make those arrangements ever since, in various correspondence and e-mails. Please provide me with a date certain when we may conduct that inspection.

    In response, Mr. Force finally, just two days ago, offered to permit an inspection, so long as it was on a Friday. Since the only Friday before Mr. Wilbush's scheduled deposition was tomorrow, June 4, I immediately accepted that date. The parties reiterated their agreement on plaintiff's inspection in their joint status report submitted last week, stating:

> Plaintiff has also been seeking for several months to inspect carpets at defendants' premises. Defendants have agreed to the inspection, and maintain that the only delay is formalizing a date.

1175420.1

Although it appeared that the inspection was at long last to go forward, we again met with obstruction. Yesterday, the very day after Mr. Force agreed to the inspection, his colleague Alan Friedman, apparently recently arrived at defendants' firm, in reaction to a letter in which I declined consent to defendants' request to extend fact discovery by sixty days, wrote me a belligerent e-mail that withdrew defendants' consent to an inspection. He wrote:

> Clearly you subscribe to the school of litigation in which saying "Good Morning" is an adversary proceeding. That, of course, is a very easy way to practice, and can be engaged in by any number of practitioners.
>
> Thus, since you extend no courtesy, you can expect no further courtesies from Mr. McDaniel, Mr. Force or me. We can begin with: from now on: (1) Do NOT call this office, no one will take your calls. Your word is no good; you can put it in writing. (2) Don't waste your client's money on requests for adjournments, postponements or courtesies. The answer will be "No",
>
> You can start by making a formal motion for an inspection of S&H rugs. Which we will oppose.

We thus find ourselves again, now only a week before Mr. Wilbush's scheduled deposition, unable to conduct the inspection of defendants' rugs, which was first consented to in January and reiterated in the parties' joint status report of only last week.

I should note that I am unaware of any courtesies previously extended by defendants' counsel, or of any matter on which defendants contend I have broken my word.

Document Production

Defendants' document production of 57 pages included no documents about the manufacture of rugs bearing the S&H designs, no documents concerning defendants' inventory of rugs containing the disputed designs, no documents concerning defendants' sales of goods bearing the disputed designs, and no documents concerning defendants' profits from the sale of those goods. Defendants contend, improbably, that no such documents exist.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
June 3, 2010
Page 4

In response to our letter of March 16 seeking supplementation of defendants' responses, defendants eventually replied a month later that:

> The client does not record the inventory number on sales and therefore cannot identify individual sales of the items at issue. We are prepared to disclose general financial documents. Information concerning aggregate sales is incorporated in general financial documents and upon entry of a confidentiality stipulation and order restricting access to the information to attorneys and experts only, responsive documents will be produced.

While we remain highly skeptical that defendants maintain no records of individual sales, we accepted defendants' offer to disclose what they called "general financial documents." To satisfy defendants' concern regarding confidentiality, we agreed to the Court's standard form of confidentiality order, found at Appendix S to the Court's Local Rules, provided a copy to defendants, and asked their consent to file it. We have had neither a response regarding the confidentiality order, nor the production of the promised "general financial documents."

Finally, because defendants sell some of their rugs on eBay, we have asked, in the absence of the records of specific sales that defendants say do not exist, that defendants produce the records of their e-bay sales, which we understand are available to e-bay sellers. On April 28, Mr. Force stated that "plaintiffs [*sic* – presumably meaning "defendants"] are acquiring" the eBay records and "same will be produced when received." We reminded defendants of that assurance on May 24, but nothing has been forthcoming, despite the passage of over five weeks since defendants assured us they would be produced.

Admissions and Issues Regarding Similarity

At the initial pre-trial conference in this matter, defendants' counsel stated that he did "not expect similarity to be much of an issue." To test that statement, we served on March 31 a set of requests for admission asking defendants to admit the substantial similarity of the parties' designs. Defendants neither admitted nor denied those requests, stating instead that they were premature, and could not be answered pending expert analysis. When six additional weeks elapsed, we called on defendants to provide a response, and also served discovery requests seeking the identity of the expert referred to and the substance of the expert's analysis. Defendants have neither supplemented the requests for admission nor responded to the expert discovery requests, which are now overdue. Plaintiff is entitled to know whether defendants will put similarity of these designs in issue.

1175420.1

Defendants have, in addition, provided an obviously erroneous response to an additional request for admission, Request 17, which asked about defendants' representations regarding the quality of their carpets. Rather than responding, defendants repeated their response to the earlier requests that expert analysis was required to respond regarding the similarity of the carpets. Although we have asked that defendants provide a proper response, they have not done so, so this request should be deemed admitted.

Defendants' Request to Extend Discovery

Mr. Friedman's message of yesterday afternoon was in response to plaintiff's unwillingness to consent to an extension of fact discovery by sixty days. We will respond to any such request defendants make to the court, but note now that any failure to conclude discovery within the time set by the Court last December lies at the feet of defendants, who have been less than diligent in seeking or providing discovery.

Summary

Defendants' discovery responses remain seriously deficient. Despite plaintiff's prompt requests and frequent follow-ups and reminders, defendants have yet to: (1) permit inspection of their rugs; (2) produce documents regarding sales, profits and inventory; (3) provide proper responses to requests for admission; or (4) agree to the standard form confidentiality order.

Plaintiff is thus greatly hampered in conducting the deposition of defendant Ori Wilbush, who is the corporate defendant's sole officer and shareholder, which is scheduled for next Thursday. Plaintiff is also hampered in its trial preparation by not knowing whether the issue of similarity will be disputed, and by being deprived of documents from which defendants' sales and profits can be calculated.

Plaintiff seeks appropriate relief as a result of defendants' discovery deficiencies, including but not limited to: (1) preclusion of any defense of similarity; (2) preclusion of evidence opposing plaintiff's proofs regarding profits, sales, inventory and damages; and, if appropriate, (3) striking the Answer.

For the moment, we are faced with the prospect of conducting Mr. Wilbush's deposition on June 10 without essential documents, many of which have been long promised. Since Mr. Friedman indicates in his letter that defendants will not consider requests for any modification of the schedule, we ask that defendants be directed to rectify their discovery failures by a date certain, on pain of preclusive sanctions, and that Mr. Wilbush's deposition be adjourned to a date two weeks following their compliance. While we are hopeful that these matters can be attended to prior to the June 30 date for the conclusion of fact discovery,

1175420.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
June 3, 2010
Page 6

we ask that, if necessitated by defendants' delay, that date be extended for the sole purpose of defendants' compliance, but for no other purpose.

                              Very respectfully,

                              Ronald W. Meister
                              Attorney for Plaintiff

cc:    Courtesy copy to court (via fax 973-645-4412)
       Jay R. McDaniel (via fax 201-845-3777)

1175420.1