# Cowan, Liebowitz & Latman, P.C.

Law Offices

1133 Avenue of the Americas • New York, NY 10036-6799

(212) 790-9200 • www.cll.com • Fax (212) 575-0671

Ronald W. Meister
Direct (212) 790-9255
rwm@cll.com

June 4, 2010

**Filed Electronically**

Hon. Michael A. Shipp, U.S.M.J.
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Renaissance Carpet and Tapestries, Inc. v. S&H Rugs, Inc. et ano.
> Civil Action No. 09 -CV- 00632 (SRC-MAS)

Dear Judge Shipp:

This firm represents plaintiff, Renaissance Carpet and Tapestries, Inc., in the above-entitled action for infringement of its copyrights in sixteen designs for high quality carpets. I write in response to defendants' letter of yesterday afternoon requesting a sixty-day extension of fact discovery. For the reasons set forth herein, plaintiff opposes the request.

Defendants assert two reasons for needing an extension: "Primarily," they state, because they were busy "during April and May of this year." Secondarily, although the relevance of this ground is unclear, they claim that plaintiff has been "remarkably adversarial." Neither ground supports the request for additional time.

This case was commenced in March 2009, though the pleadings were not closed until September. At the scheduling conference on December 3, the Court adopted the parties' discovery plan, which provided that fact discovery was to be concluded approximately seven months later, on June 30, 2010.

Defendants' preoccupation with other matters in April and May, if such it was, does not explain their lack of diligence and obstructionism at all stages of this litigation, beginning at the very outset with their delay in providing Initial Disclosures last November. Thereafter, defendants (1) without seeking or obtaining any extension of time, took two months to

1175638.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
June 4, 2010
Page 2

respond to plaintiff's November 24 document requests; (2) took another month to produce the 58 pages that constitute the entirety of their document production; (3) took an additional month to respond to plaintiff's letter regarding deficiencies in their discovery responses; (4) waited eleven weeks to take issue with some of plaintiff's responses, and (5) repeatedly stalled access to their showroom, culminating in their withdrawal of consent two days ago. Defendants have served <u>no</u> discovery requests since December, and served only one deposition notice, on a third-party witness, which they subsequently withdrew.

This history of delay and inattention has pervaded the lengthy history of fact discovery in this matter, and was by no means limited to April and May. These delays occurred even though defendants have assigned at least four attorneys of whom we are aware to this matter, Messrs. McDaniel, Chusid, Force and Friedman. Their purported preoccupation during parts of two of the seven months of the fact discovery period is not a justification for extending discovery.

Defendants' characterization of plaintiff's posture as "remarkably adversarial" is of doubtful relevance to this application, but deserves a short response. Until Mr. Friedman's hostile letter of two days ago, counsel's relations were formal, but not uncivil. Defendants now complain for the first time of three instances of plaintiff's actions: first, our request to conduct a deposition in New York. In fact, contrary to counsel's statement, defendants refused that request, until in later discussions the parties agreed to defendants' request for an adjournment, and to plaintiff's request to conduct the deposition in New York. This negotiation would appear to be more conciliatory than adversarial. The second instance is plaintiff's desire to inspect rugs in defendants' showroom. In fact, it was <u>defendants</u> who, in response to plaintiff's Rule 34 request for samples of defendants' rugs, proposed instead an inspection at the showroom – only to obstruct that inspection for months, finally to agree to a date certain on June 1, but to revoke that agreement the very next day in a hotly contentious letter from Mr. Friedman, stating,

> 1) Do NOT call this office, no one will take your calls. Your word is no good; you can put it in writing. (2) Don't waste your client's money on requests for adjournments, postponements or courtesies. The answer will be "No".
> You can start by making a formal motion for an inspection of S&H rugs.

It was not plaintiff who introduced this level of discourse.

Third, defendants complain about plaintiff's reasonable suggestion to adopt the Court's standard form of confidentiality stipulation. None of these examples of "adversarial" behavior is particularly persuasive, and none supports a request for an extension of discovery.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
June 4, 2010
Page 3


Finally, defendants make a puzzling reference to their request for plaintiff's "guidance as to designs which it may lawfully market." This request, which has nothing to do with the designs at issue in this case, was an effort by defendants to obtain advance advisory opinions from plaintiff regarding potential infringement of other designs. Whether defendants in fact intended to comply with plaintiff's advice that other designs would infringe may best be gauged by the fact that defendants continue to offer for sale over plaintiff's objection the designs at issue in this lawsuit.

In sum, the discovery schedule in this case has not been, in defendants' term, "super-condensed." If any party has been harmed by its adversary's tactics over the seven-month period of fact discovery, it is plaintiff, as set forth in our letter of yesterday detailing defendants' tardy and inadequate discovery responses. Nothing in defendants' letter justifies an extension of the discovery period.


Very respectfully,

Ronald W. Meister
Attorney for Plaintiff


cc:   Courtesy copy to court (via fax 973-645-4412)
      Jay R. McDaniel (via fax 201-845-3777)