# THE MCDANIEL LAW FIRM, PC

54 MAIN STREET
HACKENSACK, NJ 07601
(201) 845-3232
(201) 845-3777 FAX

WWW.MCDLAWPC.COM

EMPIRE STATE BUILDING
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NY 10118
(212) 514-8080
(212) 514-8282 FAX

ALAN M. FRIEDMAN
ADMITTED TO PRACTICE IN
NEW JERSEY & NEW YORK

PLEASE REPLY TO THE
NEW JERSEY OFFICE

AMFRIEDMAN@MCDLAW.US

June 7, 2010

Hon. Michael A. Shipp, U.S.M.J.
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: Renaissance Carpet and Tapestries, Inc. v. S&H Rugs, Inc. et ano.
     <u>Civil Action No. 09 -CV- 00632 –SRC- MAS</u>

Dear Judge Shipp:

  This firm represents the Defendants, Ori Wilbush and S&H Rugs, Inc., with respect to the above referenced matter. I respectfully submit this response to Plaintiff's submission dated June 3, 2010.

Plaintiff's Disputes

Inspection of Defendant's Rugs:

  Plaintiff is correct in its assertion in that Defendants' answers to the Rule 34 requests, advised that the samples "will be made available for inspection by Plaintiff or its agents/representatives during ordinary business hours, upon reasonable notice." That extension of courtesy was premised upon the belief that each party would treat the other in a courteous fashion, and that neither party would resort to efforts to utilize the discovery process to achieve an unfair advantage.

  Since the defendant extended its courtesy to plaintiff, every request made by defendant to obtain a copy of plaintiff's catalog of rugs has been steadfastly refused. Defendant sought the catalog to *inter alia*, assure that it marketed lawfully purchased non-copyrighted rugs, thereby avoiding future accusations of copyright violation, and mitigating any possible damages herein. Plaintiff however, seems more intent on engaging in a fishing expedition to create more possible copyright infringements, irrespective of the validity of the claim, then in securing the exclusivity of its copyrighted designs, and in living up to its responsibility to mitigate damages.

  Plaintiff, in its submission quoted an e-mail, which counsel characterized as "belligerent," and then provided the Court with a less than complete text, thereby seeking to hide that the e-mail was our response

to counsel's acts of discourtesy and trickery toward our young associate attorney, David P. Force. The full body is as follows:

> <u>Your response to the always courteous Mr. Force, below, is discourteous in the extreme, in both substance and tenor.</u> Clearly you subscribe to the school of litigation in which saying "Good Morning" is an adversary proceeding. That, of course, is a very easy way to practice, and can be engaged in by any number of practitioners.
>
> Thus, since you extend no courtesy, you can expect no further courtesies from Mr. McDaniel, Mr. Force or me. We can begin with: from now on: (1) Do NOT call this office, no one will take your calls. Your word is no good; you can put it in writing. (2) Don't waste your client's money on requests for adjournments, postponements or courtesies. The answer will be "No",
>
> You can start by making a formal motion for an inspection of S&H rugs. Which we will oppose. And we will be moving for an Order to Compel your client to produce his catalogues. Perhaps a jurist will understand how a catalogue, designed to SELL a product is too secret to be seen by anyone.
>
> <u>Mr. McDaniel and I, after many years of experience in litigation, will not accept this kind of imperious discourtesy</u>. (Emphasis Supplied)

It seems as thus Mr. Meister would like to preclude from the e-mail the portion which references the professional courtesy and respect Mr. Force has consistently shown, but has yet to receive. Mr. Force, a junior associate, has been nothing but courteous and open in his dealing with opposing counsel and should receive the same.

On June 1, 2010 Mr. Force sent Mr. Meister a letter advising of the Defendants acquiescence to the inspection of the rugs at the S&H Rugs showroom as well as the courtesy of deposing Mr. Wilbush at counsel for Plaintiff's New York law office, which was specifically requested. Mr. Meister's response seemed very courteous and the full text of the response letter is as follows:

> <u>Thank you for your agreement to make Mr. Wilbush available for deposition at our office on June 10.</u> As you know, plaintiff has for quite some time been seeking certain documents requested pursuant to Rule 34, as well as proper answers to its requests for admissions. A full description of the outstanding documents and requests is set forth in my letters of May 24, at which time I also consented to the terms of the Court's standard confidentiality order. It is essential that plaintiff receive those documents and responses substantially in advance of Mr. Wilbush's deposition. Although you promised to provide most of the documents when we agreed to a confidentiality stipulation, you have not responded to my letters of May 24, over a week ago. Please let me know (1) if the Court's standard form confidentiality order is satisfactory to you; (2) when you expect to produce the documents and the responses to admissions

> we have requested; and (3) if your production and responses will not be made this week, what dates during the week of June 21 Mr. Wilbush will be available for examination.
>
> <u>I accept your offer to inspect the rugs at your client's premises this Friday. My client and I would like to come around 10:00.</u>  (Emphasis Added)

The letter sent by my colleague also requested his consent to the discovery extension, which coincidentally was not addressed in the body of the letter. Mr. Meister found it more appropriate to send this imperious and abrupt email, less than (5) minutes after sending the above letter:

> Dear Mr. Force,
>
> I have your e-mail inquiring whether plaintiff consents to a 60-day extension of the discovery deadline in this matter. Plaintiff does not consent to that request.
>
> Ronald W. Meister

Accordingly the courtesy of the inspection of the S&H Rugs showroom was withdrawn. We would be more than glad to reinstate it. We only wish that the plaintiff would treat our staff with courtesy, and <u>not</u> respond to our courtesies with attempts to create new causes of action and to frustrate the defendant's efforts to prevent further alleged copyright violation.

Finally, I personally find it difficult to understand how a catalogue, a document designed to promote sales of a product, can be a confidential document, unavailable to the defense in litigation commenced by the plaintiff, in which litigation the plaintiff contends the defendant has wrongly copied items which are available for the world to see, *inter alia*, in that catalogue.

Document Production:

The document production was, aside from some sensitive financial statements, the full breadth of documentation Defendants have available. Mr. Meister cannot seem to fathom the possibility that unlike the "Goliaths," such as Renaissance, their do exist some "Davids," such as S&H Rugs. S&H Rugs is essentially run by one man, Ori Wilbush, with a small support staff. Mr. Wilbush makes periodic trips to China, and selects his rugs from large warehouses. Plaintiff has received all the documentation in Defendants possession that was appropriate. If Mr. Meister wishes to question Mr. Wilbush as to what he perceives as a lack of documentation, he is free to do so during deposition practice.

With respect to the confidentiality order, Mr. Meister seems to once again exercise his penchant for "selective memory." Mr. Force advised Mr. Meister that he was in possession of financial statements which would be produced upon the execution and filing of a confidentiality order. During this telephone conversation, Mr. Meister advised, so very courteously, that if one were drafted, he would execute it accordingly. This firm spent valuable time and money preparing a confidentiality stipulation, only to have Mr. Meister respond as follows:

> Third, you have provided me with a form of protective order to govern production of confidential material in this matter. I see no reason not to adopt the Court's standard order, found as Appendix S to the Local Civil Rules. I will provide you with an executed copy of such order for you to countersign.

The standard court form may have sufficed, but Mr. Meister proclivity for "playing games," does not. Mr. Meister is welcome to execute the confidentiality stipulation prepared by this office, which cost our clients monetarily, and the documents will be provided.

Admissions and Issues Regarding Similarity:

Defendants were not then, nor are they currently, in a position to admit any issues of potential similarity. "Similarity" of rugs and fabrics is an issue with many facets. Among others, issues of texture, color, organization and presentation of components, shape and size are involved. Some of these issues require the advice and counsel of experts for determination. To date, no expert has been retained by the defense. When an expert is engaged, Plaintiff will be duly noticed as to the identity of the expert and a summary of his report. Defendants stand by their responses to Plaintiff's requests for admissions and will supplement those answers when appropriate.

Defendant would also like to point out the Mr. Meister, via his submission upon which this response is based, has now placed on the record, statements made by Mr. McDaniel during the initial pre-trial settlement conference. Those statements were made informally and off the record. Plaintiff's counsel's conduct is therefore detrimental to the process of resolving the case, as well as a (discourteous to say the least) violation of Mr. McDaniel's confidence. It is such plaintiff conduct which causes us to wish to communicate only formally and in writing with plaintiff's counsel.

The response to Plaintiff's Request for Admission, Request No. 17, is in no way erroneous. Plaintiff's request and Defendants' answer are as follows:

> 17. Admit that Defendants have represented that carpets offered for sale and sold by Defendants are of the same quality as the carpets created and marketed by Plaintiff.
>
> RESPONSE: Defendants' object to the request as premature and improper. Subject to the foregoing objection, Defendants' cannot admit nor deny at this time. A response to the request requires expert analysis, which has not been completed. Moreover, inspection of the original and the alleged infringing item by an expert is likely to be required.

Defendants stand by their answer. Plaintiff has alleged that this representation was in fact made by an agent of the Defendants, but has yet to disclose a shred of evidence to support that assertion. The transcribed copy of the alleged audio is devoid of anything remotely close and Plaintiff has failed to turn over the audio upon which the transcription is based.

Summation:

In light of the foregoing, Defendants, Ori Wilbush and S&H Rugs, Inc., takes the following positions:

(1) Defendants have withdrawn the courtesy of allowing Plaintiff to inspect the S&H Rugs. We would be more than glad to reinstate it. We only wish that the plaintiff would treat our staff with courtesy, and <u>not</u> respond to our courtesies with attempts to create new causes of action and to frustrate the defendant's efforts to prevent further alleged copyright violation. Providing the defense with the requested catalogue(s) would be a clear indication that that the level of discourse in this matter has been improved to such a level.

(2) Defendants will gladly furnish the requested financial documents Plaintiff seeks, however they will be provided upon an executed copy of the version of the confidentiality agreement which this office was asked to draft <u>by the plaintiff</u>.

(3) Proper responses to the requests for admission will be furnished upon defendant and defense counsel having had access to an expert analysis of the subject rugs. The defendant once a gain strongly protests plaintiff's violation of counsel's trust and confidence through plaintiff's publication of an informal and preliminary statement made off-the-record in the context of a settlement conference.

For the reasons stated in our earlier application to this court, the Defendants respectfully reassert their request to extend discovery for the brief period of (60) days as first requested in our letter dated June 3, 2010.

Very Truly Yours,

Alan M. Freidman

cc: Ronald Meister, Esq.