# Cowan, Liebowitz & Latman, P.C.

Law Offices

1133 Avenue of the Americas • New York, NY 10036-6799

(212) 790-9200 • www.cll.com • Fax (212) 575-0671

Ronald W. Meister
Direct (212) 790-9255
rwm@cll.com

May 9, 2011

**Filed Electronically**

Hon. Michael A. Shipp, U.S.M.J.
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re: Renaissance Carpet and Tapestries, Inc. v. S&H Rugs et ano.
          <u>Civil Action No. 09 -CV- 00632 (SRC-MAS)</u>

Dear Judge Shipp:

    This firm represents plaintiff in the above-entitled action, and has just received a copy of defense counsel's letter of this afternoon seeking to add to its March 31 memorandum of law on plaintiff's pending motion for spoliation sanctions.

    In addition to making improper surreply argument, defendants' letter misconstrues the substance and applicability of Rule 37(e). To begin with, much of the evidence destroyed in this matter was not stored in electronic format: the invoices, the Customs records, and the rugs themselves were not electronically stored. Even as to other evidence that defendants destroyed, the provision that defendants now cite for the first time is inapplicable. As a leading commentator writes with regard to this Rule:

> This limited safe harbor from spoliation sanctions also only applies if the routine operation that caused the loss was in "good faith." Good faith may require a party's intervention to modify or suspend certain features of that routine operation to prevent the loss of information if that information is subject to a preservation obligation. In other words, a party's failure to institute some type of "litigation hold" may be evidence of bad faith. Furthermore, the good-faith requirement means that a party is not permitted to exploit the routine operation of an information system to thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information. Thus, it is clear that this Rule does not exempt a party

28616/002/1240562.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Michael A. Shipp, U.S.M.J.
May 9, 2011
Page 2

>who fails to stop the operation of a system that is obliterating information that may be discoverable in litigation.

7 Moore's Federal Practice §37.121B at 37-207 (3d ed. 2011)(footnotes omitted)

Only two of the categories of spoliated evidence at issue on this motion were electronically stored – rug images and e-mails. As to the images, defendant Wilbush testified that the destruction was no passive retirement of evidence. To the contrary, he affirmatively deleted images "every day, every other day. Whenever we had a chance." (Wilbush Dep., p. 245). As to the e-mails, Mr. Wilbush was less clear, but implied he took affirmative steps to delete them, testifying, "Usually I keep one year." (*Id.*, p. 123-24). But even if he employed an automatic document destruction program, which seems unlikely, his failure to suspend the operation of that program, especially in the face of instructions from his counsel to preserve evidence, means that, in the words of the treatise, "this Rule does not exempt a party who fails to stop the operation of a system that is obliterating information that may be discoverable in litigation."

                                              Very respectfully,

                                              Ronald W. Meister
                                              Attorney for Plaintiff

cc:   Courtesy copy to court (via fax 973-645-4412)
       Jay R. McDaniel (via fax 201-845-3777)